**Harlina GUNAWAN, Kurniawan Felix Ong, Kurniawang Steven Ong, Petitioners,**

v.

**Michael B. MUKASEY, Attorney General of the United States, Respondent.**

Nos. 07–3014–ag(L), 07–4844–ag(Con).

United States Court of Appeals, Second Circuit.

Sept. 18, 2008.

H. Raymond Fasano, Medeo & Fasano, New York, NY, for Petitioners.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, U.S. Department of Justice, Christopher C. Fuller, Senior Litigation Counsel, Office of Immigration Litigation, Alison Marie Igoe, Senior Litigation Counsel, Washington, D.C., for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. REENA RAGGI, and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioners, Harlina Gunawan, Kurniawan Felix Ong, and Kurniawan Steven Ong, seek review of a June 18, 2007 order of the BIA affirming the November 30, 2005 decision of Immigration Judge ("IJ") Paul A. DeFonzo denying Harlina Gunawan's application for asylum and withholding of removal, which included as derivative applicants her two children, Kurniawan Felix Ong and Kurniawan Steven Ong.[1] *In re Gunawan, Ong, Ong,* No. A 98 642 607/608/609 (B.I.A. June 18, 2007), *aff'g* No. A 98 642 607/608/609 (Immig. Ct. N.Y. City Nov. 30, 2005). Additionally, Petitioners seek review of an October 12, 2007 order of the BIA denying their motion to reconsider its June 2007 order. *In re Gunawan, Ong, Ong,* No. A 98 642 607/608/609 (B.I.A. Oct. 12, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

### I. Denial of Asylum and Withholding of Removal

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility findings, under the substantial evidence standard.

As a preliminary matter, Gunawan failed to exhaust any CAT claim before the agency and her petition for review is dismissed to that extent. *See* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006). In addition to the statutory requirement that petitioners exhaust the categories of relief they seek, 8 U.S.C. § 1252(d)(1), petitioners must also raise to the BIA the specific issues they later raise in this Court. *See Foster v. INS,* 376 F.3d 75, 78 (2d Cir.2004). While not jurisdictional, this judicially imposed exhaustion requirement is mandatory. *Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 119–20 (2d Cir.2007). Gunawan's due process argument before this Court regarding the IJ's conduct during her hearing cannot be considered a subsidiary legal argument of her challenge to the IJ's credibility determination before the BIA because it is an independent ground for challenging the IJ's denial of relief. *See Steevenez v. Gonzales,* 476 F.3d 114, 117–118 (2d Cir.2007). Thus, she failed to exhaust that argument, and we will not address it. *See Lin Zhong,* 480 F.3d at 119–20. We find, however, that Gunawan's credibility-related arguments raised here are "subsidiary argu-

---

1. Because Ganawan's children's applications are derivative of her application, this order will refer primarily to Ganawan.

ments" to those she raised before the BIA, and we will address the agency's adverse credibility determination accordingly. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 119–20 (2d Cir.2007).

■ Substantial evidence supports the IJ's adverse credibility determination, which was based on Gunawan's demeanor, an inconsistency in her testimony, and omissions in her asylum application and testimony. *See Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). An IJ's assessment of an applicant's demeanor merits "great deference." *See Tu Lin v. Gonzales,* 446 F.3d 395, 400 (2d Cir.2006). Here, the IJ noted that Gunawan was unresponsive and appeared to be reciting a rehearsed script, and Gunawan points to no evidence compelling a contrary conclusion. *See* 8 U.S.C. § 1252(b)(4)(B). Additionally, the IJ reasonably identified an inconsistency regarding the year that her home was attacked during a prayer meeting and the omission of any reference to several incidents in Gunawan's testimony and asylum application—an attack on her friend's home while she was present during a prayer meeting, the robbery of her younger sibling, an assault on her by a vendor, and the discovery of a bomb in her church. Contrary to Gunawan's claim, these inconsistencies and omissions where they were material to Gunawan's claim that she was persecuted and has a well-founded fear of persecution based on her ethnicity and religion. *See* 8 U.S.C. § 1101(a)(42); *cf. Secaida–Rosales v. INS,* 331 F.3d 297, 307–309 (2d Cir.2003).

The IJ's adverse credibility determination in this case necessarily precludes success on Gunawan's claims for asylum and withholding of removal because the only evidence that she was likely to be persecuted depended upon her credibility. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Therefore, we need not address

the agency's alternate finding that Gunawan failed to carry her burden of proof in establishing eligibility for relief.

## II. Denial of Motion to Reconsider

We review the denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

■ The BIA did not abuse its discretion in denying Gunawan's motion to reconsider because she failed to assert any legal or factual error in the BIA's dismissal of her appeal or any argument that the BIA failed to consider and, instead, raised additional arguments challenging the IJ's adverse credibility determination and the IJ's conduct during the merits hearing. *See* 8 C.F.R. § 1003.2(b)(1); *Matter of Cerna,* 20 I. & N. Dec. 399, 402 n. 2 (BIA 1991).

For the foregoing reasons, the petition for review is DISMISSED, in part, and DENIED, in part. As we have completed our review, the unopposed pending motion for a stay of removal in this petition is DISMISSED as moot.